**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:26-CV-61013-AHS**

HAILEY BUSH, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

FASHION NOVA, LLC,

Defendant.
___________________________________/

**DEFENDANT FASHION NOVA, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT**

Defendant Fashion Nova, LLC ("Fashion Nova"), for its Answers and Affirmative Defenses to the Complaint (Dkt. 1) filed by Plaintiff Hailey Bush ("Plaintiff"), states as follows. All allegations not specifically admitted herein are denied.

**RESPONSE TO NATURE OF THE ACTION**

1. Fashion Nova admits that Plaintiff is bringing this putative class action under the Telephone Consumer Protection Act ("TCPA") against Fashion Nova, but Fashion Nova denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Answering further, Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

2. Fashion Nova denies each and every allegation set forth in this Paragraph.

3. Fashion Nova admits that Plaintiff is bringing this putative class action under the Telephone Consumer Protection Act ("TCPA") against Fashion Nova, seeking injunctive relief, statutory damages and other relief, but Fashion Nova denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Answering further, Fashion

Nova denies each and every remaining allegation set forth in this Paragraph.

**RESPONSE TO PARTIES**

4. Fashion Nova is without knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore denies the allegations.

5. Fashion Nova admits that it is a California Limited Liability Company authorized to do business in Florida and is doing business as Fashion Nova, LLC.

6. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

**RESPONSE TO JURISDICTION AND VENUE**

7. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova admits only that Plaintiff asserts a federal claim. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

8. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

**RESPONSE TO STATUTORY BACKGROUND**
**Telephone Consumer Protection Act (TCPA)**

9. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.[1]

13. The allegations set forth in this Paragraph are legal conclusions, to which no

[1] Plaintiff's Complaint omits paragraph numbers 10-12.

response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

14. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

15. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

16. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

17. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

18. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

19. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

20. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

21. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

22. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

23. Fashion Nova denies each and every allegation set forth in this Paragraph.

24. Fashion Nova denies each and every allegation set forth in this Paragraph.

## RESPONSE TO FACTS

25. Fashion Nova denies each and every allegation set forth in this Paragraph.

26. Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph, and on that basis denies the allegations set forth in this Paragraph.

27. Fashion Nova admits that the message identified in Paragraph 25 identified Fashion Nova by name and referred to Fashion Nova's goods. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

28. Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph, and on that basis denies the allegations set forth in this Paragraph.

29. Fashion Nova denies each and every allegation set forth in this Paragraph.

30. Fashion Nova admits that it has access to certain outbound text message transmission data. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

31. Fashion Nova admits that it has access to certain outbound text message

transmission data. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

32. Fashion Nova denies each and every allegation set forth in this Paragraph.

33. Fashion Nova denies each and every allegation set forth in this Paragraph.

**RESPONSE TO CLASS ALLEGATIONS**

34. Fashion Nova admits that Plaintiff purports to bring this action on behalf of two putative classes pursuant to Fed. R. Civ. P. 23, but denies this action is appropriate for class treatment. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

35. Fashion Nova admits that Plaintiff purports to bring this action on behalf of two putative classes, seeking to reserve the right to modify the class definition, but denies this action is appropriate for class treatment. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

36. Fashion Nova admits that Plaintiff purports to bring this action on behalf of two putative classes, seeking to exclude the entities and persons identified in this Paragraph, but denies this action is appropriate for class treatment. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

37. Fashion Nova denies each and every allegation set forth in this Paragraph.

38. Fashion Nova denies each and every allegation set forth in this Paragraph.

39. Fashion Nova denies each and every allegation set forth in this Paragraph.

40. Fashion Nova denies each and every allegation set forth in this Paragraph.

41. Fashion Nova denies each and every allegation set forth in this Paragraph.

42. Fashion Nova denies each and every allegation set forth in this Paragraph.

43. Fashion Nova denies each and every allegation set forth in this Paragraph.

44. Fashion Nova denies each and every allegation set forth in this Paragraph.

**RESPONSE TO COUNT I**

45. Fashion Nova incorporates its answers to all of the above allegations as though fully set forth herein.

46. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

47. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

48. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

49. Fashion Nova denies each and every allegation set forth in this Paragraph.

50. Fashion Nova denies each and every allegation set forth in this Paragraph.

51. Fashion Nova denies each and every allegation set forth in this Paragraph.

52. Fashion Nova denies each and every allegation set forth in this Paragraph.

*Fashion Nova denies each and every allegation and request for relief contained in the unnumbered paragraph following Paragraph 52.

**RESPONSE TO COUNT II**

53. Fashion Nova incorporates its answers to all of the above allegations as though fully set forth herein.

54. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set

forth in this Paragraph.

55. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

56. The allegations set forth in this Paragraph are legal conclusions, to which no response is required. To the extent a response is required, Fashion Nova denies the allegations set forth in this Paragraph.

57. Fashion Nova is without knowledge or information to form a belief as to the truth of all allegations contained in this Paragraph of the Complaint and therefore denies the allegations.

58. Fashion Nova denies each and every allegation set forth in this Paragraph.

59. Fashion Nova admits that the message identified in Paragraph 25 identified Fashion Nova by name and referred to Fashion Nova's goods. Fashion Nova denies each and every remaining allegation set forth in this Paragraph.

60. Fashion Nova denies each and every allegation set forth in this Paragraph.

61. Fashion Nova denies each and every allegation set forth in this Paragraph.

62. Fashion Nova denies each and every allegation set forth in this Paragraph.

63. Fashion Nova denies each and every allegation set forth in this Paragraph.

*Fashion Nova denies each and every allegation and request for relief contained in the unnumbered paragraph following Paragraph 63.

**RESPONSE TO PRAYER FOR RELIEF**

Fashion Nova denies that Plaintiff is entitled to the relief requested in the Prayer for Relief in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Fashion Nova denies any and all liability on the claims of Plaintiff and the putative class members. Without assuming the burden of proof where it otherwise lies with Plaintiff, Fashion Nova hereby asserts the following affirmative and other defenses to the Complaint.

### FIRST DEFENSE
### (Prior Express Consent, Invitation or Permission)

Plaintiff's claims, and those of putative class members, are barred because Plaintiff and/or putative class members provided legally sufficient consent, invitation, or permission to receive the calls at issue. Plaintiff specifically consented and provided permission to receive the messages at issue.

### SECOND DEFENSE
### (Statutory Standing)

Plaintiff's claims, and those of putative class members, are barred to the extent they lack statutory standing to pursue the claims at issue.

### THIRD DEFENSE
### (Arbitration & Forum Selection)

Upon information and belief, Plaintiff's and the putative class members' claims may be subject to an arbitration provision and/or forum selection clause. Fashion Nova's investigation into this affirmative defense is ongoing. To the extent Fashion Nova does not have an arbitration agreement with Plaintiff and/or elects to forego arbitration with Plaintiff individually, Fashion Nova expressly reserves its rights to compel arbitration with respect to putative class members.

### FOURTH DEFENSE
### (Residential Numbers)

Plaintiff's claims, and those of putative class members, are barred to the extent their phone numbers do not qualify as a residential number including, but not limited to, because they are

cellular telephone numbers.

**FIFTH DEFENSE**
**(No Telephone Calls)**

Plaintiff's claims, and those of putative class members, are barred because text messages do not qualify as "telephone calls" under 47 U.S.C. § 227(c)(5).

**SIXTH DEFENSE**
**(Safe Harbor & Compliance)**

Plaintiff's claims, and those of putative class members, are barred by the safe harbor affirmative defense set forth in 47 U.S.C. § 227(c)(5). Fashion Nova has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c), including the FCC's national do-not-call regulations. Accordingly, Plaintiff's claims fail as a matter of law.

**SEVENTH DEFENSE**
**(Established Business Relationship)**

Plaintiff's claims, and those of putative class members, are barred to the extent Fashion Nova had an established business relationship with Plaintiff and/or putative class members as defined by 47 C.F.R. § 64.1200(f)(5). Fashion Nova had a prior or existing relationship with Plaintiff and/or putative class members formed by a voluntary two-way communication, on the basis of a purchase, transaction, inquiry, or application regarding Fashion Nova's products or services within the time periods prescribed by the regulation, which relationship had not been terminated prior to the communications at issue.

**EIGHTH DEFENSE**
**(Substantial Compliance & Good Faith)**

Plaintiff's claim, and those of putative class members, are barred as a result of Fashion Nova's substantial compliance with the TCPA. Further, Plaintiff's claims are barred because

Fashion Nova acted in good faith and had reasonable grounds for reasonably relying upon and believing that it acted properly with respect to the communications at issue.

**NINTH DEFENSE**
**(Violation of the Fifth and Eighth Amendments)**

The statutory damages provision of the TCPA violates the Due Process Clause under the Fifth Amendment to the Constitution and the Eighth Amendment to the Constitution. If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

**TENTH DEFENSE**
**(Violation of the First Amendment)**

The TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on Fashion Nova's constitutional rights under the Free Speech Clause. The provisions at issue are thus unenforceable.

**ELEVENTH DEFENSE**
**(*De Minimis Harm*)**

Plaintiff's alleged harm, and those of putative class members, if any, was *de minimis*, and is thus unrecoverable.

**TWELFTH DEFENSE**
**(Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)**

Plaintiff's claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which she complains, delayed in bringing this case, failed to mitigate her damages, and/or contributed to the receipt of the calls at issue.

**THIRTEENTH DEFENSE**
**(Class Defenses)**

Fashion Nova opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Fashion Nova's objections, Fashion Nova asserts the defenses set forth herein against each and every member of the certified class.

**FOURTEENTH DEFENSE**
**(Reservation of Rights)**

Fashion Nova specifically reserves the right to add additional affirmative defenses.

**JURY DEMAND**

Fashion Nova demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Fashion Nova prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That the Complaint be dismissed with prejudice and judgment entered in favor of Fashion Nova;
3. That Fashion Nova be awarded its costs and reasonable attorney's fees; and
4. That Fashion Nova be awarded such other and further relief as the Court deems reasonable and just.

Dated: June 9, 2026

*s/ Jordan S. Kosches*
Jordan S. Kosches, Esq.
Florida Bar No.: 49881
jordan.kosches@gray-robinson.com
GRAY ROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

*Attorneys for Defendant, Fashion Nova, LLC*